CLD-034                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1758
_____

ARLEEN BROWN,
                            Appellant

v.

KESSLER INSTITUTE FOR REHABILITATION INC.
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-00338)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2012

Before: RENDELL, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 19, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Arleen Brown, proceeding pro se, appeals from the judgment entered against her

following a bench trial in the United States District Court for the District of New Jersey

on her employment discrimination claims.  Because this appeal does not present a

substantial question, we will summarily affirm the District Court's order. See Third Cir. LAR 27.4; I.O.P. 10.6.

## I.

Brown is an African-American woman who, from 2001 through 2008, worked as an Office Administrator in the Out-Patient Case Management Department at the Kessler Institute for Rehabilitation. From 2001 through 2003, Brown received consistently positive performance reviews. Sometime in 2004, however, Brown began to have conflicts with Cynthia Conroy, a white employee who transferred into her department. Over the next several years, Conroy and Brown were involved in a number of altercations in which Conroy allegedly insulted Brown, raised her voice, and cursed at her. Brown informed her supervisor and Human Resources several times that she was being harassed and intimidated by Conroy. She did not, however, allege that Conroy's actions were racially motivated. In May and June 2008, Brown received three "Disciplinary Action Forms" citing her for failing to communicate effectively with her colleagues and being absent without notice. That summer and fall, Brown sought to transfer out of the Out-Patient Case Management Department, but was unsuccessful.

In September 2008, Brown resigned from her position at Kessler. According to the resignation letter she submitted to Human Resources, she chose to leave the position because she was returning to school.[1]

---

[1] In her resignation letter, Brown also indicated that she wished to apply for a part-time position and/or a position opening in the Chester facility.

In January 2009, Brown filed a complaint in the District Court against Kessler alleging retaliation, disparate treatment, hostile work environment, and constructive discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). Following a two-day bench trial, the District Court found in favor of Kessler. This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.When a district court conducts a non-jury trial, we review the district court's findings of fact for clear error, and exercise plenary review over its application of the law to the facts. Trustees of the Nat'l Elevator Indus. Pension, Health Benefit and Educ. Funds v. Lutyk, 332 F.3d 188, 191 (3d Cir. 2003).

We will affirm the District Court's judgment. For substantially the reasons set forth by the District Court in its thorough Opinion and Final Judgment, we agree that Brown failed to meet her burden of proof on her claims for retaliation, hostile work environment, constructive discharge, and disparate treatment. In order to prevail on each of these claims, Brown was required to show, inter alia, that the conduct of which she complained was based on her membership in a protected class—in this case, her race. See Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006) (explaining that, to prevail on a claim of retaliation under Title VII, a plaintiff must establish that she engaged in a protected activity); Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir. 2001) (explaining that, to prevail on a hostile work environment claim, plaintiff must demonstrate that she suffered intentional discrimination on account of her membership in

3

a protected class); <u>Aman v. Cort Furniture Rental Corp.</u>, 85 F.3d 1074, 1084 (3d Cir. 1996) (explaining that, to establish constructive discharge, "a plaintiff must show that the employer knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign") (internal quotation marks and citation omitted); <u>Hampton v. Borough of Tinton Falls Police Dep't</u>, 98 F.3d 107, 112 (3d Cir. 1996) (explaining that, to prevail on a disparate treatment claim, a plaintiff must initially establish a "minimal prima facie case" by showing that she is a member of a protected class and was qualified for an employment position, but was denied it "under circumstances that give rise to an inference of unlawful discrimination"). As the District Court explained, Brown failed to introduce any evidence at trial to support her allegation that Conroy's and Kessler's actions were racially motivated.

We have reviewed Brown's arguments in support of her appeal, but conclude that they are without merit. Because no substantial question is presented by this appeal, we will summarily affirm the District Court's judgment. <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.